## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

Yvette Johnson
Walter Johnson

        Debtor(s)

Wells Fargo Bank, N.A.

        Movant,

vs

Yvette Johnson
Walter Johnson

William C. Miller

        Respondents.

: Case No.: 17-10821
: Chapter 13
: Judge Ashely M. Chan
: * * * * * * * * * * * * * * * * * * *
:
: Date and Time of Hearing
: Place of Hearing
: December 12, 2017 at 11:00 a.m.
:
: U.S. Bankruptcy Court
: 900 Market Street, Courtroom #5
: Philadelphia, PA, 19107
:
: Related Document # 50

### STIPULATION FOR SETTLEMENT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY LOCATED AT 2524 NORTH 29TH STREET, PHILADELPHIA, PA 19132

    This matter coming to be heard on the *Motion for Relief from Stay* (Dkt. #50) which was filed in this court by Wells Fargo Bank, N.A. ("Movant"), Movant and Yvette Johnson and Walter Johnson (collectively, "Debtor"), by and through their attorneys have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant;

    As of the date of bankruptcy filing on February 6, 2017, Debtor failed to make regular monthly mortgage payments to Movant and is currently in default for the months of August 2017 through December 2017, incurring a total post-petition arrearage of $2,246.85, which consists of 5 post-petition payments for August 1, 2017 through December 1, 2017 at $449.37 each. There is $98.39 in suspense, which reduces the total post-petition arrearage to $2,148.46.

**IT IS HEREBY ORDERED:**

1. In order to eliminate said post-petition delinquency, Movant must receive the following payments by the corresponding dates:

    a. $358.08 plus the January 2018 post-petition mortgage payment on or before the last day of that month;

    b. $358.08 plus the February 2018 post-petition mortgage payment on or before the last day of that month;

17-006047_SCS2

1

  c. $358.08 plus the March 2018 post-petition mortgage payment on or before the last day of that month;

  d. $358.08 plus the April 2018 post-petition mortgage payment on or before the last day of that month;

  e. $358.08 plus the May 2018 post-petition mortgage payment on or before the last day of that month;

  f. $358.06 plus the June 2018 post-petition mortgage payment on or before the last day of that month.

2. That Movant must receive the payments listed on Paragraph #1 on or before the corresponding date. If Movant fails to receive any one scheduled payment, the repayment schedule is void and if the Debtor fails to bring the loan post-petition current within ten (10) calendar days after mailing notification to the Debtor and his/her attorney, the stay shall be automatically terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property, upon filing certification of default with the clerk of the court.

3. Upon completion of the repayment schedule listed in Paragraph #1 or tender of sufficient funds to bring the loan post-petition current, the Debtor must continue to make timely post-petition mortgage payments directly to Movant.

4. If Movant fails to receive two (2) post-petition monthly mortgage payments and if the Debtor fails to bring the loan post-petition current within ten (10) calendar days after Movant mailed notification to the Debtor and his/her attorney, the stay shall be automatically terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property, upon filing certification of default with the clerk of the court.

5. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

6. This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates his case by order of the Court and/or the Creditor obtains relief from stay and the stay is subsequently reinstated by order of the Court.

7. If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

MANLEY DEAS KOCHALSKI LLC

Dated: 12/14/17

BY: *Karina Velter*
Karina Velter (94781)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
614-220-5611; Fax 614-627-8181
Email: kvelter@manleydeas.com
Attorney for Creditor

Dated: 12/11/17

BY: /s/
Brad J. Sadek
Sadek and Cooper
1315 Walnut Street
Philadelphia, PA 19107
Telephone: 215-545-0008
Fax: 215-545-0611
Email: brad@sadeklaw.com
Attorney for Debtor

I do not object to the foregoing Stipulation

/s/ JACK MILLER  No objection

William C. Miller
Chapter 13 Trustee
1234 Market Street
Suite 1813
Philadelphia, PA 19107
Email: ecfemails@ph13trustee.com